UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JIHBIN HWANG,<br><br>       *Plaintiff*,<br><br>   v.<br><br>BEN POBICKI et al.,<br><br>       *Defendants*. | No. 2:25-cv-14871<br>(MEF)(JSA)<br><br>**OPINION and ORDER** |

\*     \*     \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*     \*     \*

A man[1] allegedly rented out a spare room in a house he owns. See Amended Complaint and Jury Demand Civil Rights Action (42 U.S.C. § 1983) ("Complaint") (ECF 4) ¶ 3.

In 2025, he received a notice from an employee of the relevant township,[2] indicating that "a code official [had] inspected [his] premises and determined that there [had been] a violation of the municipal code." Id. ¶ 7.

And later, the man received another communication from the township, this one indicating that homeowners "cannot rent individual rooms in a single[-]family house" and "cannot live in [a] rental property with [a] tenant." Id. ¶ 11.

\*     \*     \*

In light of these allegations, the homeowner (from here, the

---

[1]  Jihbin Hwang.

[2]  Piscataway.

"Plaintiff") sued the township (from here, "the Defendant"),[3] claiming: (1) that the "unauthorized inspection" of his property violated the Fourth Amendment to the United States Constitution, id. ¶ 14; and (2) that the local ordinances that are said to bar the Plaintiff from renting out the room are unconstitutional under the First, Fifth, and Fourteenth Amendments to the United States Constitution.  See id. ¶¶ 8, 12-13, 15-16.[4]

\*     \*     \*

The Defendant has now moved to dismiss.

Its main argument is that it cannot be subject to liability here under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).  See Brief in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) ("Defendant's Brief") (ECF 11-2) at 7-9.[5]

\*     \*     \*

This argument works as to (1), the Fourth Amendment claim --- the claim that the township is liable because some of its employees have allegedly conducted illegal searches of the Plaintiff's property.

The reason why: the Plaintiff has pressed no allegations as to a township custom or policy related to those sorts of searches. And that is what Monell generally requires.  See McTernan v.

_____

[3]  The Plaintiff also sued two employees of the township:  Ben Pobicki and Christine DeSomma.  The Plaintiff's claims against these two defendants are briefly alluded to toward the end of this Opinion and Order.

[4]  The Plaintiff also pressed certain state-law claims, in at least a vague fashion.  See Complaint ¶¶ 14-15, 17-18.  Those are also alluded to briefly below.

[5]  The Defendant also suggests that the federal claims here cannot get off the ground because the Plaintiff has not exhausted administrative remedies.  See Defendant's Brief at 9-11.  But "there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action." Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 192 (1985), overruled in part on other grounds, Knick v. Twp. of Scott, Pa., 588 U.S. 180 (2019).

2

City of York, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that plaintiffs bear the burden of specifying "what exactly that custom or policy was" that led to the alleged violation of their rights); see also, e.g., Keefe v. Settembrino, 2019 WL 913157, at *3 (D.N.J. Feb. 25, 2019) (dismissing Fourth Amendment claims against a township because the plaintiff did "not contend that the allegedly unreasonable search and seizure that he suffered was the result of a custom or policy effected by the Defendant Township"); Laganella v. Don's & Son's Towing & Body Shop, 2011 WL 7063643, at *24-25 (M.D. Pa. Oct. 11, 2011) (similar).

Therefore, the Fourth Amendment claim against the Defendant must be dismissed.

*    *    *

As to (2), the claim that the relevant ordinances are themselves unconstitutional, the Defendant's Monell argument is not persuasive.

In Monell itself, the Supreme Court indicated that "[l]ocal governing bodies . . . can be sued directly under § 1983 . . . where, as here, the action that is alleged to be unconstitutional . . . executes a[n] ordinance . . . promulgated by that body's officers."  436 U.S. at 690.[6]

So it is difficult to know why Monell would counsel in favor of dismissal here.  The way to sue a municipality for enforcing an allegedly unconstitutional ordinance is to sue the municipality. A separate municipal policy does not generally need to be alleged because the ordinance is the policy.[7]

---

[6]  See also Skinner v. Switzer, 562 U.S. 521, 532-33 (2011) (considering a challenge to the constitutionality of a state statute under Section 1983); Keystone Bituminous Coal Ass'n v. Duncan, 771 F.2d 707, 709 (3d Cir. 1985) (same).

[7]  To be sure, the Plaintiff's complaint is at times opaque. First, the Plaintiff is certainly suing some employees of the Defendant, see footnote 3, for their role in enforcing the ordinances.  See Complaint ¶ 15.  But it is not as clear as it might be whether the Plaintiff is also suing the Defendant-municipality itself as to the existence and enforcement of these ordinances.  And second, it is also not crystal clear whether the Plaintiff is contending that the cited ordinances are what is being enforced against him --- or if what is being enforced against him is a policy that sweeps more broadly than the

3

\*      \*      \*

The motion to dismiss at ECF 11 is granted to the extent that it presses a Fourth Amendment claim against the Defendant-township, and denied as to all other federal claims pressed against that Defendant.[8]

\*      \*      \*

As to next steps, it is not efficient at this point to rule on the motion to dismiss as to: (1) the claims pressed against the individual defendants,[9] or (2) the Plaintiff's state-law claims.

After all, the Plaintiff may seek to amend his complaint.  And if he goes that route, and is permitted to amend --- the claims at issue might potentially shift.

The Plaintiff may seek leave to file an amended complaint on or before May 18 at 9:00am.  Leave may not be sought after that date. To seek leave, the Plaintiff must file a letter brief of no more than two pages explaining why leave should be granted; it must attach to the letter brief both the proposed amended complaint and a document comparing the proposed amended complaint to the current complaint.

---

language of the ordinances might suggest.  All of this may or may not be an issue down the road.  But one way or another, the Defendant does not spotlight any of this in its motion to dismiss.

[8]  On its motion to dismiss, the burden is on the Defendant. See, e.g., Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). And it cannot carry that burden with the briefing it has provided here.  There is an extensive body of federal law as to when zoning ordinances violate the United States Constitution and when they do not.  But the relevant Supreme Court and Third Circuit cases are not meaningfully discussed and then applied in the Defendant's opening brief.  There is some discussion in the reply brief.  See Reply Brief in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF 13) at 3-8.  But arguments raised for the first time in reply briefs are not generally considered.  See Specht v. Suarez, 798 F. Supp. 3d 485, 501 n.18 (D.N.J. 2025) (collecting cases).

[9]  See footnote 3.

4

\*      \*      \*

IT IS on this 24th day of April, 2026, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

5